1  J. David Bournazian, SBN 186194
   david.bournazian@klgates.com
2  Jonathan P. Hersey, SBN 189240
   jonathan.hersey@klgates.com
3  Daniel Glassman, SBN 179302
   dan.glassman@klgates.com
4  Carter Norfleet, SBN 318152
   carter.norfleet@klgates.com
5  **K&L GATES LLP**
   1 Park Plaza
6  Twelfth Floor
   Irvine, California  92614
7  Telephone: +1 949 253 0900
   Facsimile: +1 949 253 0902
8

9  Attorneys for Petitioner
   Russell Sigler, Inc.
10

11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

14
   RUSSEL SIGLER, INC.,                    Case No.
15
                  Petitioner,              **PETITION TO COMPEL**
16                                         **COMPLIANCE WITH**
        v.                                 **ARBITRATOR SUMMONSES**
17
   NORMAN S. WRIGHT CLIMATEC
18 MECHANICAL EQUIPMENT OF
   SOUTHERN CALIFORNIA, LLC;
19 ADAM HELLIWELL,

20               Respondents.

21

22

23

24

25

26

27

28

505059137.1

Russel Sigler, Inc. ("Sigler"), through its attorneys, files this Petition seeking an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 7, compelling compliance with two arbitrator subpoenas for appearance and production of documents issued by the Hon. Rosalyn M. Chapman (U.S. Magistrate Judge, Ret.) in a JAMS arbitration proceeding, Case No. 1210036516, between Sigler and a former employee, David A. Whitaker ("Mr. Whitaker").

## RELEVANT FACTS

1. The subpoenas were directed to the Custodian of Records of Norman S. Wright Climatec Mechanical Equipment of Southern California, LLC ("NSWright"), Mr. Whitaker's current employer, and Adam Helliwell, an officer of NSWright ("Mr. Helliwell").

2. Sigler is a commercial and residential HVAC distributor. NSWright is also a commercial and residential HVAC distributor and one of Sigler's primary direct competitors.

3. From April, 2013 through May, 2018, Mr. Whitaker was employed by Sigler. As part of his job duties, Mr. Whitaker was provided access to Sigler's confidential database, containing substantial information and details about Sigler's current and prospective clients and customers, as well as negotiated pricing and profit multipliers with Sigler's manufacturer (with whom Sigler was the exclusive distributor).

4. On or about May 14, 2018, while still employed by Sigler, Mr. Whitaker sent Sigler's trade secrets and other confidential business records to NSWright via Respondent Mr. Helliwell, including but not limited to, Sigler's internal negotiated pricing models, profit calculation information, and specific line items for bids and proposals.

5. On or about June 11, 2018, while now employed by NSWright, Mr. Whitaker sent Mr. Helliwell a much larger volume of Sigler's confidential business records. Mr. Whitaker has refused to identify the source of this information and

1  continues to have access to Sigler materials while at NSWright.

2      6.   Sigler is informed and believes that Mr. Whitaker, NSWright and Mr.
3  Helliwell are using the confidential information and trade secrets for their own
4  benefit and without authorization.

5      7.   Sigler has requested on multiple occasions that NSWright identify and
6  return all Sigler documents provided by Mr. Whitaker, but to date NSWright has
7  steadfastly refused and instead made misstatements about the dissemination of the
8  documents and/or Whitaker's role with their company.

9      8.   Mr. Whitaker does not dispute that he took the documents and
10 provided them to NSWright.

11     9.   Sigler is informed and believes that NSWright is paying for, and
12 actively participating in, Mr. Whitaker's defense.

13     10.  On or about October 19, 2018, Sigler sued Mr. Whitaker for, among
14 other things, misappropriation of trade secrets, in the United States District Court,
15 Central District of California, in the case entitled *Russell Sigler, Inc. v. David A.
16 Whitaker*, Case No. 8:18-cv-1889-AG-DFM.  Declaration of Daniel M. Glassman
17 ("Glassman Decl.") ¶ 2.

18     11.  On or about November 21, 2018, Mr. Whitaker filed a cross-complaint
19 alleging violation of wage and hour laws.  The case was subsequently moved to
20 JAMS arbitration pursuant to the provisions of Mr. Whitaker's employment
21 contract and the Hon. Rosalyn M. Chapman, Ret. was selected as the sole arbitrator.
22 *Id.* ¶ 3.

23     12.  Sigler also sued NSWright and Mr. Helliwell in Orange County
24 Superior Court in the case entitled *Russell Sigler, Inc. v. Norman S. Wright
25 Climatec Mechanical Equipment of Southern California, LLC, et al.*, Case No. 30-
26 2020-01162129-CU-BT-CJC.  That case was stayed pending the arbitration
27 between Sigler and Mr. Whitaker.  *Id.* ¶ 4.

28     13.  On July 23, 2021, Sigler requested that the Arbitrator execute the

summonses directed to the NSWright Custodian and Mr. Helliwell. *Id*. ¶ 5. The summonses sought documents that are directly relevant to several material issues in the arbitration, including whether the information contained in the Sigler documents are considered trade secrets/confidential in the HVAC industry, what was communicated between NSWright and Whitaker during the relevant (and narrow) time frame at issue, and what other Sigler documents were given to NSWright by Mr. Whitaker. These necessary documents are critical to the prosecution of Sigler's case and are in the sole and exclusive custody of NSWright.

14. The NSWright Custodian of Records and Mr. Helliwell are also necessary testifying witnesses as the Custodian can speak to, among other things, NSWright's policies and procedures regarding their protection of confidential information and what types of information garner such protection. Mr. Helliwell is also a necessary witness because he was the one who received these documents from Mr. Whitaker and he was the one who recruited Mr. Whitaker to NSWright.

15. On July 27, 2021, after considering Sigler's request, Judge Chapman **issued the summonses pursuant to 9 U.S.C. § 7 compelling the attendance and production of documentary evidence of the NSWright Custodian and Mr. Helliwell at the arbitration hearing scheduled for October 11, 2021, at 9:00 a.m., via Zoom**.[1] *Id.* ¶ 6 and Exs. A and B.

16. On August 18, 2021, Respondents served objections to the summonses and submitted them with Judge Chapman, stating they would not appear at the hearing or produce virtually all of the requested documents. *Id.*, ¶ 7 and Exs. C and D.

17. Respondents asserted two primary reasons for their refusal to comply with the subpoenas. Both grounds are patently absurd and go nowhere.

18. First, Respondents objected that Judge Chapman lacked authority to

---

[1] Due to COVID concerns and restrictions, Judge Chapman ordered the entire arbitration hearing to proceed via Zoom. Judge Chapman also maintains her physical location at JAMS Los Angeles offices.

require them to attend the hearing virtually. This runs contrary to the law and the general practice of litigation in the COVID age. Due to COVID concerns, Judge Chapman ordered that the ***entire arbitration*** (including opening statements, party testimony, third-party testimony, and closing arguments) will be conducted remotely -- a power she certainly has under the FAA as there is nothing in the FAA that (1) limits where arbitrators may convene a hearing for the purpose of obtaining testimony and documents from third parties or (2) limits the power of a federal court for the district where the hearing is held to compel compliance with a summons to appear. *See e.g. Seaton Ins. Co. v. Cavell USA*, 2007 WL 9657277, at *2-4 (D. Conn. Mar. 21, 2007) (ordering third parties to attend a specially convened hearing in Connecticut to provide testimony and produce documents and noting that "[t]he fact that the location of the arbitration hearing will be held at a location other than the one designated by the arbitration agreement does not have any bearing on the propriety of the subpoenas issued pursuant to section 7" of the FAA). Respondents' refusal to appear remotely is not only unsupported by the law and runs contrary to the FAA, it is staggeringly irresponsible as remote hearings and trials have become commonplace as the nation struggles to deal with the largest worldwide pandemic in over 100 years. What Respondents suggest -- that any witness to a remote trial or hearing can demand the court or arbitrator allow an in-person appearance -- defies the law, standard practices, and common sense under the circumstances of the pandemic.

19. Second, Respondents claim that Sigler was precluded from taking *discovery* from non-parties to the arbitration. However, the summonses to appear at a binding arbitration hearing are clearly not discovery devices and are expressly allowed for under the Arbitration agreement, as well as Judge Chapman's Orders for arbitration.

20. Further, Whitaker is employed by NSWright and Mr. Helliwell. Sigler is informed and believes that NSWright is paying for the defense of Whitaker,

receiving regular updates on the matter, and participating in decision-making. NSWright and Mr. Helliwell are certainly not strangers to this matter.

21. Accordingly, Respondents' assertion is a complete non-starter and should be dismissed on its face. As detailed above, the FAA (and JAMS Rules) clearly authorizes the Arbitrator to summon third-parties to provide testimony and documents *at the arbitration hearing*.[2]

22. Sigler has no other means to obtain this critical evidence as its prior attempts were consistently thwarted on the grounds that the arbitration agreement between Sigler and Mr. Whitaker did not provide for third-party discovery. However, there is no such preclusion to obtain this evidence at the arbitration hearing as evidenced by Judge Chapman's issuance of the summonses.

23. NSWright and Mr. Helliwell have thus refused to comply with the arbitration summonses and do not intended to appear at the hearing scheduled for October 11, 2021.

## JURISDICTION AND VENUE

24. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the arbitrator is sitting in the Central District of California.

25. The Court has subject matter jurisdiction over this action under 9 U.S.C. section 7, 28 U.S.C. § 1331 because it arises under the laws of the United States (specifically, the Defend Trade Secrets Act, 18 U.S.C. § 1836). Further, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are completely diverse and because the amount in controversy exceeds $75,000.

---

[2] Respondents may also attempt to assert that the summonses are not effective due to the discovery stay in the state court action between Sigler and NSWright and Mr. Helliwell. Such a claim should go nowhere. Again, the summonses are not "discovery" -- they are summonses to appear at an arbitration hearing akin to trial subpoenas. Further, that case is an entirely separate matter and the discovery stay in *that* case does not preclude Sigler from presenting necessary and critical evidence at the arbitration hearing in *this* case.

26. The Court has personal jurisdiction over NSWright because it a citizen of the State of California.

27. The Court has personal jurisdiction over Mr. Helliwell because he is a citizen of the State of California.

## COUNT ONE

**(Compel the Attendance and Production of Documentary Evidence under the Federal Arbitration Act)**

28. Sigler incorporates and re-alleges ¶¶ 1–15 above, as if fully set forth within.

29. Under 9 U.S.C. § 7, arbitrators are authorized to summon nonparties to appear before them and to produce documents or other evidence.

30. Upon petition to the United States district court for the district in which the arbitrators are sitting, the district court may compel the person's attendance before the arbitrator. 9 U.S.C. § 7; *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 707 (9th Cir. 2017).

31. The district court is not required to independently assess the evidentiary value of the testimony sought. *See* 9 U.S.C. § 7.

32. To avoid undue delay and to facilitate an efficient resolution to this matter, Sigler requests that this Court issue an order compelling NSWright and Mr. Helliwell's compliance with the arbitration summonses attached to the Glassman Decl. as Exhibits A and B. Specifically, Sigler requests that this Court order NSWright and Mr. Helliwell to appear as witnesses at the October 11, 2021 arbitration hearing and produce all documents requested in the summonses.

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, Sigler respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 7 compelling the Custodian of Records of NSWright and Mr. Helliwell to appear as witnesses at the October 11, 2021 arbitration hearing and produce all requested documents in compliance with the arbitration summonses dated July 27, 2021;

2. Award Sigler such other and further relief as this Court deems just and proper.

Dated: September 2, 2021     Respectfully Submitted,

By:/s/ Daniel Glassman
J. David Bournazian
Jonathan P. Hersey
Daniel Glassman
Carter Norfleet

Attorneys for Petitioner
Russell Sigler, Inc.